SOLENBERGER *et al.*

*v.*

HERR *et al.*

(*Supreme Court of Appeals of Virginia, Sept. 16, 1897.*)

[27 S. E. Rep. 839.]

**Equity Practice—Injunction—Creditors—Enforcing Payment of Debt.**

A court of equity will not restrain a creditor from enforcing payment of a debt for which he has obtained a decree until he makes a written acknowledgment to the debtor of his liability in another wholly different and separate transaction.

**Same—Jurisdiction of Court over a Nonresident.**

A court of equity has no jurisdiction of a resident of another state, without his consent, to compel him to acknowledge the trust character of his holding of real property in another state.

Appeal from circuit court, Frederick county.

Bill by Barbara Solenberger and another against Daniel Herr and others for an injunction. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*John J. Williams,* for appellants.

*J. N. McMullan, M. L. Walton,* and *J. P. Whitacre,* for appellees.

RIELY, J., delivered the opinion of the court.

The court below dissolved the injunction, and dismissed the

---

*See monographic note on ''Injunctions,'' Va. Rep. Anno.

bill on the demurrer, and the sole question on the appeal is whether the bill states any ground for the jurisdiction of a court of equity.

Daniel Herr brought two suits in chancery in the circuit court of Frederick county against Barbara A. Solenberger and her husband, who are the complainants in the bill filed in this cause, to subject her equitable separate estate to the payment of a note and bond, which she had executed to Herr as surety for her husband. The suits were heard together, and, her liability being admitted, the court established the debts, and proceeded to enforce their payment by directing the sheriff of the county to rent out certain of her lands until the debts were paid.

The sheriff having advertised the lands for rent, she and her husband, who is the trustee of her separate estate, filed their bill in the said court to compel Herr to acknowledge in writing that he held in trust for her an interest in certain lands, which they charged he held for her under a verbal trust, and to enjoin him from enforcing the decree for the payment of his debts until he should execute to her a written declaration of the trust.

The bill does not charge that Herr has disclaimed the alleged trust, but avers that, so far as the complainants are informed, he has never denied or repudiated it, or his obligation arising out of it. The ground of the complaint is that he has simply ignored and failed to answer letters written to him for the purpose of securing written evidence of the trust, and also failed to furnish it, upon applications made to him in person, through friends. Nor does the bill seek to enforce the alleged trust. On the contrary, there is the express averment that its enforcement is not now desired, the sole object being to obtain from Herr an admission or evidence in writing of the existence of the trust for future use, if it should become necessary.

It is not pretended that the trust claimed by the complainants and the debts sought to be enforced by Herr have any connec-

tion with one another, or that an acknowledgment by him in writing of the alleged trust would furnish the female complainant with any defense against the enforcement of his debts against her separate estate, or would have done so originally, before they were established and their payment was decreed by the court.

The matters alleged and the object of the bill constitute no ground for the jurisdiction of a court of equity.    We are quite certain that no precedent can be found for the proposition that a court of equity will restrain a creditor from enforcing payment of debts for which he has obtained a decree, or which the debtor admits to be just and due, until the creditor has acknowledged in writing his liability in another and wholly different transaction, or furnished to the debtor written evidence of it; and we are not at all willing to make one.

It may also be added to what has been already said that Daniel Herr, who was alive when the suit was instituted, was a resident of the state of Pennsylvania, and that the subject of the alleged trust was real estate situate in the state of West Virginia, so that the court in which the suit was brought had no jurisdiction either of the trustee or of the subject of the trust, and it could acquire no jurisdiction of either, unless he came forward, and voluntarily submitted himself to its jurisdiction, which it could not be expected that he would do, or be relied on to support the jurisdiction of the court, even if the bill had set forth some ground for the jurisdiction of equity.

The court, in dissolving the injunction and dismissing the bill, expressly declared in its decree that its action was not to prejudice the right of the complainants "to institute any other proper proceedings in a court of competent jurisdiction to enforce their claims, if any, set up in the bill."

There is no error in the decree appealed from, and it must therefore be affirmed.